# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                    )
                                    )     I.D. No. 2008008152
v.                               )
                                    )
LAVARE BROWN,         )
                                    )
Defendant.            )

This 29th day of July, 2026, the Court enters the following Order:

## ORDER LIFTING STAY

1. The defendant filed a motion under Rule 35(a) for relief from an allegedly illegal sentence pursuant to the ruling of the United States Supreme Court in *Erlinger v United States* (602 U.S 821 (2024)). This was one of the many *Erlinger* claims from inmates at the Department of Corrections filed throughout the Superior Court. In order to allow for an orderly consideration of the *Erlinger* case, the Court stayed further action until the decisional law began to develop as to the judicial response to *Erlinger*. While further litigation may well yield refinements in the Court's treatment of *Erlinger* claims, many are ready for resolution, including this case, and the Court therefore enters this order lifting the stay in this case.

**ORDER ON THE MERITS - DENIED**

1. On June 15, 2022, the Defendant pled guilty to two charges: Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited, and Possession of a Controlled Substance. As to the Firearm and Ammunition charges, defendant was sentenced to 15 years at Level V, the first 10 of which were a mandatory sentence due to defendant's prior history of violent felonies. As to the controlled substance charge, Defendant was sentenced to 15 years at Level V suspended for decreasing levels of probation.

2. Brown contends that his sentence violates the constitutional principles established in *Erlinger*.

3. The controlled substance charge to which defendant pled guilty did not involve any sentence enhancements and the sentence imposed was within the statutory guidelines. On these facts, *Erlinger* is not implicated as to Defendant's sentence for the controlled substance charge.

4. In *Erlinger* the United States Supreme Court states that virtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt or freely admitted in a guilty plea. *Johnson v. State*, 2025 WL 397431 (Del. 2025). In the instant case the defendant signed the plea agreement which provided in relevant part "Count 5 – 15 years at Level 5 suspended after 10

years (minimum mandatory due to defendant's prior violent felony convictions) for 18 months at Level 3." On this record the defendant freely admitted that he was facing a 10-year minimum mandatory sentence because of his prior violent felony convictions.

5. On these facts *Erlinger* is not implicated. Defendant's motion for correction of an illegal sentence must and hereby is DENIED. Defendant's request for counsel, to the extent he made such a request, is DENIED.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones*
Francis J. Jones, Judge

cc:    Original to Prothonotary
Lavare Brown (SBI # 00295633)
Andrew Vella, Deputy Attorney General